UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JEANETTA E. CRANEY                                                                      PLAINTIFF

v.                                                                 CIVIL ACTION NO: 3:06-CV-5-S

COMMONWEALTH OF KENTUCKY et al.                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

The plaintiff, Jeanetta E. Craney, filed a *pro se* complaint on a court-supplied form (DN 1). Because the plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915, the Court must now undertake a preliminary review of the complaint. *See* 28 U.S.C. § 1915(e); *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Upon review, the Court must dismiss a case if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

According to the plaintiff's complaint, she is raising claims under Title VII of the Civil Rights Act of 1964; the Rehabilitation Act of 1973; the Civil Rights Act of 1871, 42 U.S.C. § 1983; the Commerce Clause; and section 5 of the Fourteenth Amendment.[1] She names as defendants the Commonwealth of Kentucky; Mindy Hanson, Director, Department for Mental Health and Mental Retardation Services; Central State Hospital; K-Force; and Interim Assisted Care. She alleges discriminatory treatment in the workforce, but she does not explain on what

---

[1] The plaintiff also lists "Article IV" in her complaint, but it is unclear whether she intends to state a claim under Article IV of the U.S. Constitution or whether she, mistakenly, believes that the Commerce Clause is found in Article IV of the U.S. Constitution. If the plaintiff is attempting to raise an independent claim under Article IV of the U.S. Constitution, that claim would have to be dismissed because there is absolutely no indication in her complaint that her allegations would state a claim under any section of that article.

basis she was allegedly discriminated against. She alleges only that, upon transferring to the Interim Assisted Care office in Louisville, she "experienced discriminatory assignment that led to termination" and that upon being hired by K-Force, she was assigned to Central State Hospital, "was discriminated in testing, training[,] same sex harassed, uncovering neglect and abuse[,] filing it to Mindy Hanson, notifying her and K-Force of complaint and neglect[,] was terminated, and retaliated against with circulated slander through the medical level of all agencies, and hospitals denied employment." As relief, she requests punitive and monetary damages, "employment," and a written apology from all responsible parties. She attaches a copy of a right-to-sue letter issued by the Equal Employment Opportunity Commission (EEOC) on December 15, 2005.

## I. STANDARD

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.,* 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,*

454 U.S. 364, 365 (1982) (per curiam), a plaintiff is required to plead more than bare legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726-27 (6th Cir. 1996). Therefore, the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Id.* (internal quotation marks and citations omitted).

## II. ANALYSIS

**A.     Rehabilitation Act**

To state a claim of disability discrimination under the Rehabilitation Act, the plaintiff must allege that (1) she has a disability; (2) she is otherwise qualified; and (3) she was discriminated against solely because of her disability. *See Mahon v. Crowell*, 295 F.3d 585, 589 (6th Cir. 2002). The facts alleged in the complaint do not establish a cognizable Rehabilitation Act claim. The plaintiff does not allege that she was denied a benefit solely because of a disability; indeed, she does not allege that she has a disability. Therefore, her claims under the Rehabilitation Act will be dismissed by separate order. *See Lillard*, 76 F.3d at 726-27.

**B.     Section 1983**

*1.     Claims against the Commonwealth*

First, states and state agencies are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). Thus, all of the plaintiff's claims against the Commonwealth and Central State Hospital must be dismissed. Second, absent any indication that the defendants are being sued individually, the Court must assume that they are being sued in their official capacities. *See Wells v. Brown,* 891 F.2d 591, 593-94 (6th Cir. 1989). Therefore, the plaintiff's claims seeking monetary relief against Hanson as the Director of the

Department for Mental Health and Mental Retardation Services cannot be sustained. *See Will v. Mich. Dep't of State Police,* 491 U.S. at 71 (holding that a state official, sued in his official capacity for monetary relief, is not a "person" within the meaning of § 1983).

To state a § 1983 claim, a plaintiff must allege that a "person" acting under color of state law deprived the plaintiff of a right secured by the Constitution or federal law. *See* § 1983. Section 1983 only applies to private parties where the actions taken "can fairly be seen as state action." *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982). Thus, because the plaintiff does not allege that defendants K-Force and Interim Assisted Care were state actors, the plaintiff's § 1983 claims against those defendants must be dismissed. The Court now turns its attention to the plaintiff's § 1983 claims for prospective and injunctive relief against Hanson.

    *2.     Substantive claims*

Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere. As such, it has two basic requirements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Flint v. Kentucky Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). The plaintiff cites to two constitutional provisions: the Commerce Clause and the Fourteenth Amendment

    **a.    Commerce Clause**

The plaintiff cites to the Commerce Clause, which is found at Art. I, § 8, cl. 3 of the U.S. Constitution. However, her complaint makes no allegation which would appear to state a claim for a violation of the Commerce Clause. Failure to identify a right, privilege, or immunity secured by the Constitution or federal law merits dismissal of that claim for failure to state a

4

claim upon which relief may be granted. *Codd v. Brown*, 949 F.2d 879, 882 (6th Cir. 1991).

        **b.**      **Fourteenth Amendment**

The Fourteenth Amendment includes both a due process and an equal protection prong. To establish a procedural due process claim, the plaintiff must show that (1) she had a life, liberty, or property interest protected by the Due Process Clause; (2) she was deprived of this protected interest; and (3) the state did not afford her adequate procedural rights prior to deprivation of the property interest. *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006). The plaintiff's complaint does not allege any protected liberty or property interest to which due process protections would apply.

The Fourteenth Amendment also prohibits states and, by extension, their officers or employees from denying persons the equal protection of law. To establish a viable equal protection claim under § 1983, however, the plaintiff must allege either (1) that she is a member of a protected class and that she was intentionally and purposefully discriminated against because of her membership in that protected class, or (2) if she is not a member of a protected class, she was intentionally treated differently than similarly-situated individuals, and the alleged state action bore no rational relationship to a legitimate government end. *See Purisch v. Tenn. Tech. Univ.*, 76 F.3d 1414, 1424 (6th Cir. 1996). The plaintiff's complaint makes no allegations that either she is a member of a protected class or that she is not a member of a protected class but she was intentionally treated differently than similarly-situated individuals. The Court will therefore dismiss, by separate order, all of the plaintiff's § 1983 claims.

**C.**      **Title VII claims**

Furthermore, the allegations in the plaintiff's complaint sound in terms of Title VII

violations.  Generally, Title VII provides the exclusive remedy for Title VII rights.  *See Day v. Wayne County. Bd. of Auditors*, 749 F.2d 1199, 1204 (6th Cir. 1984).  Title VII of the Civil Rights Act of 1964 prohibits an employer from "discriminat[ing] against any individual . . . because of such individual's race, color, religion, sex or national origin."  42 U.S.C. § 2000e-2(a)(1).  Retaliation claims also are included under Title VII.  *See Abbot v. Crown Motor Co. Inc.*, 348 F.3d 537, 542 (6th Cir. 2003).

Under Title VII, the plaintiff must exhaust her administrative remedies prior to filing suit in federal court.  *See* 42 U.S.C. § 2000e-5(e)(1); *Haithcock v. Frank*, 958 F.2d 671, 675 (6th Cir. 1992.  In the instant case, it is not clear whether the plaintiff has exhausted her administrative remedies as to her Title VII claim or claims.  Although she attaches an EEOC right-to-sue letter, she does not attach any other documentation or otherwise explain what claim or claims she raised at the EEOC.

Therefore, before undertaking the required review, the Court needs more information from the plaintiff.  Specifically, the plaintiff must provide the date or dates on which the injury occurred, and she must describe the incident or incidents of discrimination with greater particularity.  Further, she must clarify the cause(s) of action she wishes to bring.

### III. ORDER

Accordingly, **IT IS HEREBY ORDERED** that within **30 days** of entry of this Order, the plaintiff shall amend her complaint to provide the date or dates of the alleged discriminatory treatment, a description of the alleged discrimination, and a clarification of the cause(s) of action

she wishes to bring.  Failure to comply with this Order within the time allowed **will result in dismissal** of the action.

Date:

cc: Plaintiff, *pro se*
 Defendants
 Attorney General, Commonwealth of Kentucky
4411.009